UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM P. BECK, M.D., et al., | * |
| Plaintiffs, | * |
| v. | *   Civil Action No. 1: 22-cv-10389-IT |
| RICHARD FRADETTE, et al., | * |
| Defendants. | * |

MEMORANDUM & ORDER

May 12, 2022

TALWANI, D.J.

On February 18, 2022, Plaintiffs Adam Beck, Adam P. Beck, M.D., P.C. ("Beck P.C."), and Bethany Carey filed a lawsuit against Defendants Richard Fradette, Beliveau, Fradette & Gallant, P.A., and Fradette Law Office, PLLC (collectively, the "Fradette Defendants") and H. Briggs Bedigian and Gilman & Bedigian, LLC (collectively, the "Bedigian Defendants") in Essex County Superior Court in the Commonwealth of Massachusetts, alleging claims under state law. The Fradette Defendants, who report that they received a copy of the summons and complaint on February 22, 2022, filed a Notice of Removal [Doc. No. 1] pursuant to 28 U.S.C § 1441(b) on March 14, 2022, and an Amended Notice of Removal [Doc. No. 9] on March 23, 2022.[1] The Bedigian Defendants consented to the removal to federal district court. Am. Notice of Removal ¶ 13 [Doc. No. 9]. Plaintiffs object to removal and have moved to remand. Opp. to

---

[1] The original Notice of Removal [Doc. No. 1] included Fradette Law Office, PLLC, in its title but did not include the law firm in the body of the notice's identification of the parties filing the notice and the signature block. The Fradette Defendants report that this omission was inadvertent and that in any event that the amended notice of removal was timely filed. Am. Notice of Removal 1 n.1, 2 [Doc. No. 9].

Defs.' Am. Notice of Removal and Mot. to Remand to State Ct. ("Motion to Remand") [Doc. No. 11]. For the following reasons, Plaintiffs' Motion to Remand [Doc. No. 11] is DENIED.

## I.     Discussion

### A.     *Removal of Civil Action Based on Diversity Jurisdiction*

Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the . . . defendants" to federal court. Relevant to this case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). However, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Id. § 1441(b)(1)-(2). "The burden of proof is on the party attempting to sustain diversity jurisdiction." Toste Farm Corp. v. Hadbury, Inc., 70 F.3d 640, 642 (1st Cir. 1995).

Except in certain insurance related circumstances, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "[F]or purposes of diversity jurisdiction [] the citizenship of a limited liability company is determined by the citizenship of all of its members." D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (internal quotation marks omitted).

"For purposes of diversity jurisdiction, [a person's] citizenship usually is equated with domicile." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 366 (1st Cir. 2001). "A person's

domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Id. (internal quotation marks omitted). "Domicile requires both physical presence in a place and the intent to make that place one's home." Id.

### B. *Evidence Put Forth Regarding Diversity Jurisdiction*

In their Motion to Remand [Doc. No. 11], Plaintiffs contend that complete diversity does not exist because Defendants were not willing to provide information to Plaintiffs about the members of Defendants' professional limited liability company ("PLLC") and limited liability corporation ("LLC").[2] The court cannot decide subject matter jurisdiction based on the parties' willingness to confer. Cf. Alphas Co. v. Empacadora, GAB, Inc., 519 F. App'x 692, 693 (1st Cir. 2013) ("After all, it is settled beyond hope of contradiction that a party cannot confer subject matter jurisdiction . . ."). Instead, the court reviews the record before it.

Plaintiffs allege that Beck and Carey are residents of Massachusetts, and that Beck P.C. is a corporation located in and organized under the laws of Massachusetts. Compl. ¶¶ 1-3 [Doc. No. 1-1].

With respect to the Bedigian Defendants, Bedigian submitted an affidavit establishing, inter alia, that (i) Gilman & Bedigan, LLC, is a Maryland limited liability corporation with its principal place of business in Maryland; (ii) Bedigian and Charles A. Gilman are its founding partners; and (iii) Bedigian resides in Maryland. Aff. Of H. Briggs Bedigian ¶¶ 1-4 [Doc. No. 7-

---

[2] Plaintiffs do not argue that the amount of controversy is less than $75,000, and the Fradette Defendants stated that "prior to filing suit, Plaintiff Adam P. Beck, M.D. demanded $5,275,000 based on alleged loss of business, consortium, and harm to his reputation." Am. Notice of Removal ¶ 10 [Doc. No. 9]. Accordingly, the court is satisfied that the amount in controversy is met for purposes of diversity jurisdiction.

1]. Gilman submitted an affidavit that Bedigian and he are the sole members of Gilman & Bedigan, LLC, and that he too is a resident of Maryland. Aff. of Charles A. Gilman ¶¶ 3-4 [Doc. No. 14-2]

With respect to the Fradette Defendants, Clifford P. Gallant Jr. and Cheryl LePine Beliveau submitted affidavits and corroborating evidence establishing that Beliveau, Fradette & Gallant, P.A., is a New Hampshire domestic professional profit corporation with its principal place of business in New Hampshire and with three shareholders who are all residents of New Hampshire: Fradette, Gallant, and Beliveau. Aff. of Richard E. Fradette ¶¶ 2-4 [Doc. No. 14-4]; Aff. of Clifford P. Gallant Jr. ¶¶ 2-4 [Doc. No. 14-5]; Aff. of Cheryl LePine Beliveau ¶¶ 2-4 [Doc. No. 14-6]; Business Information [Doc. No. 14-3]. Fradette submitted an affidavit and corroborating evidence that he is the sole member of Fradette Law Office, PLLC, a New Hampshire entity. Aff. of Richard E. Fradette ¶ 4-5 [Doc. No. 14-4]; Business Information [Doc. No. 14-7].

Accordingly, the court finds that complete diversity exists between the parties and that no Defendant is a citizen of Massachusetts. Thus, the court has subject matter jurisdiction.

## II. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand [Doc. No. 11] is DENIED.

IT IS SO ORDERED

Dated: May 12, 2022                                 /s/ Indira Talwani
                                                    United States District Judge