UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADAM P. BECK, M.D., et al., | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | *   Civil Action No. 1: 22-cv-10389-IT |
| | * |
| RICHARD FRADETTE, et al., | * |
| | * |
| Defendants. | * |

MEMORANDUM & ORDER

August 3, 2022

TALWANI, D.J.

On February 18, 2022, Plaintiffs Adam Beck, Adam P. Beck, M.D., P.C. ("Beck P.C."), and Bethany Carey filed a verified complaint against Defendants H. Briggs Bedigian and Gilman & Bedigian, LLC ("Gilman & Bedigian" and collectively "Bedigian Defendants"), Richard Fradette, and others in Essex County Superior Court in the Commonwealth of Massachusetts. Plaintiffs' claims against Bedigian Defendants are based on a blog post published on Gilman & Bedigian's website. After the case was removed to this court, Bedigian Defendants moved to dismiss the claims against them for lack of personal jurisdiction. For the following reasons, Bedigian Defendants' Motion to Dismiss [Doc. No. 6] is GRANTED.

I.  **Background**

Plaintiff Beck is an ophthalmologist and owner of Beck P.C., a Massachusetts corporation, and Bethany Carey is his spouse. Verified Compl. ¶ 15 [Doc. No. 1-1]. Defendant Fradette is an attorney who represented a New Hampshire woman, Nancy Knox, in a medical malpractice claim against Beck in New Hampshire. Id. at ¶ 18. After Beck appealed an adverse judgment in the medical malpractice case, he, Fredette and others entered into a confidential

settlement. Id. at ¶ 19. Bedigian Defendants are a Maryland lawyer and his law firm with no involvement in the medical malpractice case. Id. at ¶¶ 6-7, 22.

On or about December 20, 2020, Defendant Bedigian posted a blog on Gilman & Bedigian's website titled "A NEW HAMPSHIRE WOMAN IS LEFT LEGALLY BLIND AFTER UNNECESSARY PROCEDURE" without Beck's knowledge and consent. Id. at ¶ 21. The blog post allegedly set forth inaccurate facts regarding the medical malpractice trial and summarized the results of the trial, including the amount that the jury awarded Knox and her husband in damages, even though the parties had reached a confidential settlement. Id. at ¶¶ 19, 21. The blog post repeated statements Defendant Fradatte allegedly made in an interview, including that "any other competent ophthalmologist wouldn't have used that method of treatment, especially given Knox's previous medical history," "Dr. Beck was unqualified to be making these kinds of decisions," and "[h]e didn't have the training to do what he was doing, that's the bottom line." Id. at ¶ 21. The blog post concluded:

> If you have been harmed as a result of the negligence of a medical professional or organization, you may be eligible for compensation. Attorneys Charles Gilman and Briggs Bedigan are dedicated to getting you the best results possible. Call their office at (800) 529-6162 or contact them online. The firm handle cases in Maryland, Pennsylvania, and Washington, D.C.

Id. It also identified Bedigian as the author of the post.

Based on these allegations, Plaintiffs assert claims against Bedigian Defendants under Massachusetts law for negligence (Count I), unjust enrichment (Count V), libel (Count VI), unauthorized use of name pursuant to Mass. Gen. Laws. ch. 214 § 3A (Count VII), invasion of privacy pursuant to Mass. Gen. Laws. ch. 214 § 1B (Count VIII), slander and slander per se (Count IX), civil conspiracy (Count X), violation of the Massachusetts Unfair Business Practices Act, Mass. Gen. Laws ch. 93A (Count XI), and loss of consortium (Count XII) and against Gilman & Bedigian based on respondeat superior (Count II).

## II.     Evidentiary Record Regarding Personal Jurisdiction

According to the Verified Complaint [Doc. No. 1-1], Bedigian Defendants' website states that "Gilman & Bedigian handles birth injury cases nationwide in cooperation with local counsel." Id. at ¶ 17.

Bedigian's sworn affidavit states that Bedigian is a resident of Maryland and Gilman Bedigian is a Maryland Limited Liability Corporation with its principal place of business in Maryland. Aff. of H. Briggs Bedigian ¶¶ 1, 4 [Doc. No. 7-1]. Bedigian and Charles A. Gilman are the sole members of Gilman & Bedigian and both reside in Maryland. Id. at ¶ 1 [Doc. No. 7-1]; Aff. of Charles A. Gilman ¶¶ 3, 5 [Doc. No. 14-2]. Gilman & Bedigian has never maintained an office, facility, mailing address, post office box, or telephone number in Massachusetts. Aff. of H. Briggs Bedigian ¶ 5 [Doc. No. 7-1]. Nor has it handled any cases in Massachusetts or generated any revenue from the state. Id. at ¶ 8. It has never owned or leased any real property located in Massachusetts, maintained any banking or financial account in Massachusetts, or paid taxes or filed tax returns in Massachusetts. Id. at ¶ 6. Gilman & Bedigian operates a public website available to anyone with internet access. Id. at ¶ 16. It does not advertise in periodicals or media specifically directed at the residents of Massachusetts. Id. at ¶ 19. It also does not conduct marketing or advertising campaigns in Massachusetts or sends direct mailings to Massachusetts residents. Id. at ¶ 20.

## III.    Standard of Review

The exercise of personal jurisdiction over a defendant must be authorized by statute and consistent with the due process requirements of the United States Constitution. Nowak v. Tak How Inves., Ltd., 94 F.3d 708, 712 (1st Cir. 1996); see also Barrett v. Lombardi, 239 F.3d 23, 26 (1st Cir. 2001). When a defendant challenges personal jurisdiction, the plaintiff bears the burden

3

of establishing that jurisdiction exists. See Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).

Where the court considers a Rule 12(b)(2) motion without holding an evidentiary hearing, the court applies the "prima facie standard." See Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995). To make a prima facie showing of jurisdiction, a plaintiff must "proffer[] evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 675 (1st Cir. 1992). However, "the district court is not acting as a factfinder; rather, it accepts properly supported proffers of evidence by a plaintiff as true and makes its ruling as a matter of law." United Elec. Radio and Mach. Workers of America v. 163 Pleasant Street Corp., 987 F.2d 39, 44 (1st Cir. 1993).

## IV. Discussion

### A. *Massachusetts Long-Arm Statute*

"The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due Process Clause." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 34 (1st Cir. 2016) (citation omitted). The requirements of both must be satisfied to establish jurisdiction over a defendant. Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015).

The Massachusetts long-arm statute provides as follows:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the persons (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; (e) having an interest in, using or possessing real property in this commonwealth . . . .

Mass Gen. Laws ch. 223A, § 3.

Bedigian Defendants contend that Plaintiffs cannot establish jurisdiction over them under any of the enumerated bases in the Massachusetts long-arm statute. Plaintiffs contend that Bedigian Defendants are subject to Massachusetts long-arm statute under subsections (a), (b), (c), and (d). The court will address each in turn.

"For jurisdiction to exist under § 3(a), the facts must satisfy two requirements—the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." Tatro v. Manor Care, Inc., 416 Mass. 763, 767, 625 N.E.2d 549, 551 (1994) "Massachusetts courts construe subsection [Mass Gen. Laws ch. 223A, § 3](a) very broadly." The Scuderi Grp., LLC v. LGD Tech., LLC, 575 F. Supp. 2d 312, 318 (D. Mass. 2008) (collecting cases). "As the First Circuit has noted, a nonresident 'transacts business' in Massachusetts as long as he has engaged in 'any purposeful acts ... whether personal, private, or commercial.'" Id. (quoting Ealing Corp. v. Harrods, Ltd., 790 F.2d 978, 982 (1st Cir.1986) (citation omitted). "Moreover, the defendant's involvement need not be major, as 'just a few acts on [his] part can often suffice to satisfy [subsection (a)]'s threshold for transacting business.'" Id. (quoting Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F.Supp.2d 102, 110 (D. Mass.2003) (collecting First Circuit cases)). Plaintiffs, however, do not point to a single transaction in Massachusetts that Bedigian Defendants have conducted. Thus, the court may not exercise personal jurisdiction over Bedigian Defendants under subsection (a).

"Section 3(b) provides that '[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person's . . . contracting to supply services or things in this commonwealth.'" Hussain v. Rhode Island Hosp., 2019 WL 3546888, at *4 (D. Mass. June 12, 2019) (quoting Mass. Gen. Laws ch. 223A, § 3(b)).

5

"The SJC has construed the phrase 'in this commonwealth' as 'referring to the place where the services or things are to be supplied, rather than referring to the place of the contracting.'" Woods Hole Oceanographic Inst. v. ATS Specialized, Inc., 2020 WL 1452579, at *7 (D. Mass. Feb. 10, 2020), report and recommendation adopted, 2020 WL 1446845 (D. Mass. Mar. 24, 2020) (quoting Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 157 (1978)). With respect to subsection (b), Plaintiffs state first that "[i]t is clear from their advertising that [Bedigian] Defendants have contracted with Massachusetts attorneys to provide their legal services in Massachusetts." Mem. in Opp'n 6 [Doc. No. 18]. But stating that something "is clear" does not make it so. An advertisement boasting that Bedigian Defendants handle "birth injury cases nationwide in cooperation with local counsel" is insufficient evidence that they have provided any services in Massachusetts and fails to rebut Bedigian Defendants' sworn statement that they have provided no such services.

Plaintiffs argue next that Bedigian Defendants at least had a plan to provide such services, claiming that "[i]t is unreasonable to think that [Bedigian Defendants] would not have represented a malpractice plaintiff in Massachusetts had the plaintiff come to them in July 2021." Id. To the contrary, it is Plaintiffs that have provided no evidence of any such plan to provide services. The court cannot rely on their conjecture to find that personal jurisdiction exists over Bedigian Defendants under subsection (b).

Section 3(c) allows for the exercise of "personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . causing tortious injury by an act or omission in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(c). "This section 'is intended to apply only when the act [or omission] causing the injury occurs within [Massachusetts]." Hussain v. Rhode Island Hosp., 2019 WL 3546888, at *4 (D.

Mass. June 12, 2019) (quoting Murphy v. Erwin-Wasey, Inc. 460 F.2d 661, 664 (1st Cir. 1972) (alterations in original). Bedigian Defendants contend that Plaintiffs cannot establish jurisdiction under subsection (c) because Plaintiffs have not alleged that Bedigian Defendants tortiously acted or failed to act in Massachusetts so as to cause injury.

"[T]he tort of libel is generally held to occur wherever the offending material is circulated." Neelon v. Krueger, 2016 WL 3390686, at *4 (D. Mass. June 17, 2016) (citing Walden v. Fiore, 134 S.Ct. 1115, 1124 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 777 (1984)). "This is so 'because publication to third persons is a necessary element of libel' and thus that intentional tort 'actually occurred' where publication occurred.'" Id. (quoting Walden, 134 S. Ct. at 1124 (citing Restatement (Second) of Torts § 558)). In Neelon, this court found that the requirements of personal jurisdiction under section 3(c) of the Massachusetts long-arm state were met because the "defamatory statements were purposefully directed towards Massachusetts residents and intended to cause harm in Massachusetts." Neelon, 2016 WL 3390686, at *5. "Massachusetts trial courts have similarly found that a defamatory statement made out of state or on the internet 'constitutes an in-forum act for the purposes of [section 3(c)], if it is purposefully directed towards a Massachusetts resident and intended to cause harm in Massachusetts.'" Id. (quoting Edozien v. XS Micro, LLC, 2014 WL 1260511, at *2 (Mass. Super. Ct. Mar. 7, 2014), supplemented, 2014 WL 1260516 (Mass. Super. Ct. Mar. 14, 2014); see also Walker v. Adams, 2016 Mass. App. Div. 143 (Dist. Ct. 2016) ("[F]or personal jurisdiction to be supported based upon a defamatory Internet communication originating outside of Massachusetts, for the defamatory act to be considered as having occurred in Massachusetts for the purposes of G.L. c. 223A, § 3(c), the court must find that the Massachusetts resident

7

harmed was specifically targeted, the publisher knew that such person lived in Massachusetts, and the defendant intended to harm that individual's reputation in Massachusetts.").

Here, Bedigian Defendants published a blog post on the law firm website, including Beck's name and profession as an ophthalmologist. However, absent conclusory allegations, Plaintiffs have not proffered evidence that Bedigian Defendants specifically targeted Beck, knew he lived in Massachusetts at the time the blog post was published, or intended to harm his reputation in Massachusetts. Accordingly, the court finds that personal jurisdiction does not exist over Bedigian Defendants under subsection (c) of the Massachusetts long-arm statute.

Section 3(d) provides that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action . . . arising from the person's ... causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(d). Although section 3(d) provides for jurisdiction in cases where the injury-causing acts occur outside of Massachusetts, Plaintiffs here have not made any supported allegations that Bedigian Defendants "regularly" or "persistently" solicit business or engaged in conduct in Massachusetts. On the other hand, Bedigian Defendants provide a sworn affidavit that they have never conducted marketing or advertising campaigns in Massachusetts, and have never sent mailings to Massachusetts. Aff. of H. Briggs Bedigian, ¶¶ 16, 19-20 [Doc. No. 7-1]. Accordingly, the court finds that personal jurisdiction does not exist over Bedigian Defendants under subsection (d) of the Massachusetts long-arm statute.

In sum, the court finds that personal jurisdiction over Bedigian Defendants in Massachusetts cannot be established under any of the applicable requirements set forth by the Massachusetts long-arm statute, M.G.L. c. 223A, § 3(a)-(d).

B.  *Due Process Requirements*

The due process inquiry requires that there be "minimum contacts" between the defendant and the forum state. Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995) (quoting Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945)). Thus, a court may exercise general jurisdiction over "a defendant who has maintained a continuous and systematic linkage with the forum state," and may exercise specific jurisdiction over a cause of action that "relates sufficiently to or arises out of the defendant's contact with the forum." Phillips Exeter Acad., 196 F.3d at 288.

1.  General Jurisdiction

"General jurisdiction broadly subjects the defendant to suit in the forum state's courts 'in respect to all matters, even those that are unrelated to the defendant's contacts with the forum.'" Cossaboon v. Maine Med. Ctr., 600 F.3d 25, 31 (1st Cir. 2010) (quoting Phillips Exeter Acad., 196 F.3d at 288). "To permit the exercise of general jurisdiction, the defendant must 'engage[ ] in the 'continuous and systematic' pursuit of general business activities in the forum state.'" Id. at 32 (quoting Glater v. Eli Lilly & Co., 744 F.2d 213, 215 (1st Cir.1984)). For purposes of the general jurisdiction analysis, we "consider all of a defendant's contacts with the forum state prior to the filing of the lawsuit." Id. at 29 (quoting Harlow v. Children's Hosp., 432 F.3d 50, 65 (1st Cir.2005)).

Bedigian Defendants provide a sworn affidavit, detailed above, in support of their position that they do not have "continuous and systematic" contacts in order for the court to have

9

general jurisdiction. Accordingly, the court finds that Bedigian Defendants are not engaged in continuous and systematic activity, unrelated to this suit, such that general jurisdiction exists.

        2.       Specific Jurisdiction

"'Specific personal jurisdiction . . . may only be relied upon where the cause of action arises directly out of, or relates to, the defendant's forum-based contacts.'" Warren Env't, Inc. v. Source One Env't, Ltd., 2020 WL 1974256, at *3 (D. Mass. Apr. 24, 2020) (quoting Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994)). "The three elements of specific jurisdiction are relatedness (the nexus of plaintiff's claim with the defendant's contact with the forum), purposeful availment (something more than an isolated contact or the unilateral activity of a third person), and the reasonableness of the exercise of jurisdiction (the five Gestalt factors)." Id. (citing Baskin-Robbins, 825 F.3d at 35).

"There is a natural blurring of the relatedness and purposeful availment inquiries in cases (like this one) in which the alleged contacts are less tangible than physical presence; in such circumstances, an inquiring court must determine the extent to which the defendant directed an out-of-state activity at the forum state in order to ascertain whether the activity can be termed a contact at all." Phillips Exeter Acad., 196 F.3d at 289. "Generally, in-forum effects of a defendant's extra-forum activities, without more, are inadequate to establish relatedness." Bridge St. Auto., Inc. v. Green Valley Oil, LLC, 985 F. Supp. 2d 96, 109 (D. Mass. 2013) (citing Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 36 (1st Cir. 1998) ("We have wrestled before with this issue of whether the in-forum effects of extra-forum activities suffice to constitute minimum contacts and have found in the negative"). "The purposeful availment test focuses on the defendant's intentionality and is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should

expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." Cossaboon, 600 F.3d at 32 (internal quotation marks and citation omitted). "This requirement ensures that a defendant will not be subjected to personal jurisdiction on the basis of 'random, fortuitous, or attenuated contacts' or 'the unilateral activity of another party or a third person.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

Plaintiffs' reliance on Calder v. Jones, 465 U.S. 783 (1984), where the Supreme Court found that a newspaper had purposefully availed itself of California because it circulated 60,000 copies in that state and published a libelous story about a celebrity who lived there, is misplaced. In this case, the central question is whether Bedigian Defendants purposefully availed themselves of Massachusetts by way of their website. Plaintiffs point to the fact that Bedigian Defendant's website states that "Gilman & Bedigian handles birth injury cases nationwide in cooperation with local counsel." Verified Compl. ¶ 17 [Doc. No. 1-1]. Plaintiffs further contend that Bedigian Defendants relied on Beck's name and the Knox medical malpractice case in the blog post to attract business in Massachusetts. According to Plaintiffs, "[i]t is clear [] [Bedigian] Defendants have attorney contacts in Massachusetts in order to conduct their business." Mem. in Opp'n 14 [Doc. No. 18]. But Plaintiffs proffer no evidence to support such an allegation. And such an allegation cannot stand when taken against the fact that Bedigian Defendants have not handled any cases in Massachusetts or generated any revenue from the state. Aff. of H. Briggs Bedigian ¶ 8 [Doc. No. 7-1]. Indeed, the blog post states that Gilman & Bedigian, LLC "handles cases in Maryland, Pennsylvania, and Washington D.C." Verified Compl. ¶ 21 [Doc. No. 1-1].

Moreover, "[t]e mere existence of a website does not show that a defendant is directing its business activities towards every forum where the website is visible; as well, given the omnipresence of Internet websites today, allowing personal jurisdiction to be premised on such a

11

contact alone would 'eviscerate' the limits on a state's jurisdiction over out-of-state or foreign defendants." McBee v. Delica Co., 417 F.3d 107, 124 (1st Cir. 2005). "Something more is necessary, such as interactive features which allow the successful online ordering of the defendant's products [or services]." Id. Plaintiffs have not proffered anything other than the fact that Bedigian Defendant's website is accessible in Massachusetts. As such, the court finds that Bedigian Defendants did not purposefully avail themselves of Massachusetts.[1]

Accordingly, the court finds that it does not have specific jurisdiction over Bedigian Defendants.

## V.  Conclusion

For the foregoing reasons, Bedigian Defendants' Motion to Dismiss [Doc. No. 6] for lack of personal jurisdiction is GRANTED.

IT IS SO ORDERED.

Dated: August 3, 2022                               /s/ Indira Talwani
                                                    United States District Judge

---

[1] The court does not address the reasonableness prong as it has found that the requirement of purposeful availment has not been met.